UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RICHARD C. TRIANO,                          07 CIV 6710 (CLB)

                              Plaintiffs,

        -against-


THE TOWN OF HARRISON and THE
TOWN OF HARRISON POLICE
DEPARTMENT,

                              Defendants
------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS**


**FRIEDMAN, HARFENIST, LANGER & KRAUT**
**Attorneys for Defendants**
**3000 Marcus Avenue, Suite 2E1**
**Lake Success, New York   11042**
**(516) 775-5800**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ i

PRELIMINARY STATEMENT ..................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ..................... 2

POINT I
  THE REQUIREMENTS FOR SERVICE
  OF PROCESS UNDER FRCP 4(m) ......................................................... 3

    A. FRCP 4(m) Allows a Court Discretion to
      Fashion Appropriate Relief ............................................................. 4

    B.  The Plaintiff Cannot Demonstrate Good Cause .............................. 6

    C.  The Plaintiff is Not Entitled to Discretionary Relief ...................... 8

POINT II
  THE COURT SHOULD DISMISS
  THE ACTION UNDER FRCP 16(f) ...................................................... 12

  CONCLUSION ........................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Bogle-Assegai v. Connecticut*, 470 F.3d 498,508 (2d Cir. 2006) ................................................. 6

*Boley v. Kaymark,* 123 F.3d 756, 758 (3d Cir.1997) ...................................................................... 5

*Cabassa v. Gummerson*, 2006 WL 1559215 at *3, (N.D.N.Y. Mar. 30, 2006) ........................... 13

*Castro v. City of New York*, 2007 WL 3071857 at *7, (S.D.N.Y. Oct. 10, 2007).................... 7,10

*Chrobak v. Hilton Group*, *PLC*, 2007 WL 2325913 at *4 (S.D.N.Y. Aug. 15, 2007) ................. 8

*Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir.2002) ............................... 5

*De Tie v. Orange County,* 152 F.3d 1109, 1112 n. 5 (9th Cir.1998) ............................................. 5

*Dunlop-McCullen v. Pascarella,* 2002 WL 31521012 at *24, (S.D.N.Y. Nov. 13, 2002)........... 12

*Duquin v. Goord*, 2004 WL 2884424 at *3 (S.D.N.Y. Dec. 13, 2004) .......................................... 7

*Eastern Refractories Co. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503(S.D.N.Y. 1999) passim

*Fairman v. Hurley*, 373 F.Supp.2d 227,233 (W.D.N.Y. 2005) .................................................... 11

*GGG Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F.Supp.2d 99,103 (E.D.N.Y. 1999)........................ 4

*HCA Genesis v. U.S. Office of Personnel Management*, 2007 WL 2286411
(N.D.N.Y. Aug. 9, 2007) .............................................................................................................. 13

*Insurance Co. of North America v. M/V GREENLAND SAGA***,** 1997 WL 2519 at *1
(S.D.N.Y. Jan. 2, 1997)................................................................................................................... 7

*Kelly v. Wal-Mart, Inc.*, 2007 WL 2847068 (N.D.N.Y. Sept. 26, 2007)..................................... 12

*Lab Crafters, Inc. v. Flow Safe, Inc.*, 233 F.R.D. 282, 285 (E.D.N.Y. 2005) .............................. 7

*Monell v. City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) .................... 10

*MOPEX, Inc. American Stock Exchange, LLC.*, 2002 WL 342522, (S.D.N.Y. Mar. 5,
2002) ................................................................................................................................................ 4

*Myers v. Secretary of the Dept. of the Treasury*, 173 F.R.D. 44,48 (E.D.N.Y. 1997)................. 10

*Naglieri v. Valley Stream Cent. High School Dist.*, 2006 WL 1582144
(E.D.N.Y. May 26, 2006) ....................................................................................................... passim

*Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*, 2006 WL 2242596 at *3
(S.D.N.Y.  Aug. 3, 2006) .............................................................................................................. 13

*Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000) .............................. 12

*Singh v. Maresco*, 2007 WL 2471690 at *7, (E.D.N.Y. May 23, 2007) ..................................... 11

*Smith v. Burge,* 2006 WL 2805242 at *15 (N.D.N.Y. Sept. 28, 2006) ....................................... 13

*Sullivan v. Newburgh Enlarged School Dist.*, 281 F.Supp.2d 689, 702, (S.D.N.Y. 2003)............ 6

*U.S. Fidelity and Guar. Co. v. Appelbaum*, 2007 WL 1484023 (S.D.N.Y May 18, 2007)........... 7

*Zapata v. City of New York,* 502 F.3d 192, 195, (2d Cir. 2007)............................................. passim

*Zeballos v. Tan*, 2006 WL 1975995 (S.D.N.Y. Jul. 10, 2006) ..................................................... 8

**Statutes**

FRCP 4(m)........................................................................................................................... passim

FRCP 16 .............................................................................................................................. passim

28 USC §1331.............................................................................................................................. 3

28 USC §1343.............................................................................................................................. 3

42 USC §1983.............................................................................................................................. 3

## PRELIMINARY STATEMENT

The instant matter is before the Court on Defendants' THE TOWN OF HARRISON and THE TOWN OF HARRISON POLICE DEPARTMENT ("Defendants") motion to dismiss the instant action for failing to timely serve the complaint pursuant to FRCP 4(m). In the alternative, the Defendants move this Court for an Order under FRCP 16(f) dismissing the instant action for Plaintiff Richard C. Triano's ("Triano") failure to comply with the Court's October 5, 2007 Scheduling Order mandating that the complaint in this matter be filed no later than October 19, 2007.

On June 29, 2007, Triano commenced the instant action by filing a summons with notice in the Supreme Court of the State of New York, County of Westchester. Thereafter on July 9, 2007, the Defendants served a notice of appearance and demand for the complaint. Subsequently, on July 26, 2007, the Defendants removed the matter to this Court. As Triano had still neither filed nor served a complaint, the Court entered a Scheduling Order on October 5, 2007 requiring that Triano file a complaint on or before October 19, 2007. To date, Triano has neither filed a complaint nor served a copy on the Defendants.

Simply put, FRCP 4(m) provides that an action shall be dismissed if the Plaintiff fails to serve the complaint within one hundred twenty days after the initial filing. Although FRCP 4(m) does permit a Court to extend the time to serve,

1

such an extension would not be warranted in this matter, as Triano has neglected the action and has failed to even file his complaint. In the alternative, it is respectfully requested that the Court dismiss the action under FRCP 16(f) as Triano has failed to obey the Scheduling Order and has prejudiced the Defendants' ability to defend this action.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

As alleged in the Summons with Notice, Triano seeks to recover for alleged "false arrest and detainment, malicious prosecution, violation of civil rights and personal injuries sustained by the Plaintiff caused by the Town of Harrison, its servants and/or employees and by the actions of the Town of Harrison Police Department."[1] The Summons with Notice does not contain any dates or facts and merely states that Triano is seeking $5 million in damages.

On June 29, 2007, Triano commenced the instant action by filing the Summons with Notice in the Supreme Court of the State of New York, County of Westchester. On the same date, a copy of the Summons with Notice was served on the Town Clerk for the Town of Harrison. Thereafter, on July 9, 2007, the Defendants served a Notice of Appearance and Demand for a Complaint.[2]

---

[1] A copy of the Summons with Notice is appended to the Notice of Motion as Exhibit "A."
[2] A copy of the Notice of Appearance and Demand for Complaint is appended to the Notice of Motion as Exhibit "B."

On July 26, 2007, the Defendants removed the matter to this Court.[3] In so doing, the Defendants indicated that removal was proper as this Court has jurisdiction under 28 USC §1331, 1343 and 42 USC §1983 to determine claims alleging violations of Civil Rights.

On August 2, 2007, this Court issued a Scheduling Order mandating that the parties appear for an initial pretrial conference on October 5, 2007. During the October conference, the Court entered a Scheduling Order requiring that Triano file his complaint no later than October 19, 2007.[4] The Scheduling Order also laid our various discovery milestones including the setting of dates for interrogatories and depositions. At present, the Defendant has neither filed a complaint nor served a copy of it on the Defendants.

## POINT I

## THE REQUIREMENTS FOR SERVICE OF PROCESS UNDER FRCP 4(m)

As the Second Circuit recently noted in *Zapata v. City of New York,* 502 F.3d 192, 195, (2d Cir. 2007) "Federal Rule of Civil Procedure 4(m) governs … the dismissal of actions for untimely service of process." FRCP 4(m) provides in pertinent part that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court,

---

[3] A copy of the Petition for Removal is appended to the Notice of Motion as Exhibit "C."
[4] A copy of the Scheduling Order is appended to the Notice of Motion as Exhibit "D".

upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

As will be discussed below in Point II, the Court was certainly within its right to limit Triano's time to file and service the complaint in the case at bar and as such, the Court should dismiss the action for failure to obey the Scheduling Order's milestone for service of process. However, even assuming that the Court allotted Triano the full 120 days for service under FRCP 4(m), the action still must be dismissed.[5] Since the Plaintiff has failed to accomplish the most basic task of electronically filing a complaint (and serving it upon a municipality that is open during regular business hours) within the time allotted by FRCP 4(m), it is respectfully submitted that the action must be dismissed.

**A. FRCP 4(m) Allows a Court Discretion to Fashion Appropriate Relief**

Under the first sentence of FRCP 4(m), a court is advised that if service is not made within the allotted time the court "shall dismiss the action without

---

[5] Under FRCP 4(m) a Plaintiff is allotted 120 days from the removal of the action to effectuate service of the complaint. *See generally, GGG Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F.Supp.2d 99,103 (E.D.N.Y. 1999)("Plaintiff has 120 days from August 13, 1997 – the date on which DPI filed its Notice of Removal- to serve its complaint upon DPI). *See also, MOPEX, Inc. American Stock Exchange, LLC.*, 2002 WL 342522 at *9, (S.D.N.Y. Mar. 5, 2002)("In a removed action, the 120-day period begins to run on the date the action is removed to federal court"). As the matter was removed to Federal Court on July 26, 2006, Triano's time to effectuate service under FRCP 4(m) expired on November 23, 2007.

4

prejudice … or direct that service be effected within a specific time." Under the second sentence of FRCP 4(m), the court is advised that upon a showing of good cause "the court shall extend the time for service for an appropriate period."

It has been observed by various circuits that FRCP4(m) requires a Court to extend the time for service of the complaint if there is a showing of good cause, while the Court may also extend the time for service if good cause is lacking.[6] The Second Circuit has characterized the "good cause" provision as less than an absolute requirement noting that "it is perhaps misleading to describe the provision as "mandatory." After all, the district court's determinations on whether good cause is present (and, if so, how long an extension would be appropriate) are exercises of discretion." *Zapata*, 502 F.3d at 197.

In the absence of a showing of good cause, a court may still choose in its discretion to extend the time in which service may be accomplished. The parameters of such discretion are not established in the actual rule as "no criteria for this decision are supplied in the rule itself; this silence commits extensions in the absence of good cause, like determinations on the presence of good cause, to the sound discretion of the district court." *Id*.

---

[6] *See Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir.2002); *De Tie v. Orange County,* 152 F.3d 1109, 1112 n. 5 (9th Cir.1998) and *Boley v. Kaymark,* 123 F.3d 756, 758 (3d Cir.1997).

## B. The Plaintiff Cannot Demonstrate Good Cause

As noted above, under the second sentence of FRCP 4(m), a plaintiff may avoid dismissal of his complaint if he can demonstrate good cause for the failure to serve the complaint within the required period. It is well settled that the burden falls to the Plaintiff to demonstrate the "good cause" for the failure to properly effectuate service. *See generally*, *Sullivan v. Newburgh Enlarged School Dist.*, 281 F.Supp.2d 689, 702, (S.D.N.Y. 2003) ("Plaintiff, aware of the requirements of Fed.R.Civ.P. 4(m), but offering the court no explanation for her nonperformance, has failed to meet her burden of showing "good cause"). *See also, Bogle-Assegai v. Connecticut*, 470 F.3d 498,508 (2d Cir. 2006)("It is plain therefore that Bogle-Assegai did not make the showing of good cause that could have allowed the district court, in accordance with Rule 4(m), to extend her time to effect proper service"). In the instant matter, the Plaintiff cannot meet this burden as there can be no conceivable good cause for failing to do the simple act of electronically filing a complaint and/or serving a copy of the complaint on a municipality that is open during regular business hours.

It has been noted that "'good cause' is generally found only in 'exceptional circumstances' where the plaintiff's failure to make timely service was the result of circumstances beyond his control." *See generally, Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 505 (S.D.N.Y. 1999). *See also*, *Lab*

*Crafters, Inc. v. Flow Safe, Inc.*, 233 F.R.D. 282, 285 (E.D.N.Y. 2005) (same) and *Duquin v. Goord*, 2004 WL 2884424 at *3 (S.D.N.Y. Dec. 13, 2004)("excusable neglect or good cause may be found in those "exceptional circumstances where the insufficiency of service results from circumstances beyond the plaintiff's control").

In evaluating good cause, "courts require that a plaintiff demonstrate that, despite diligent attempts to effectuate service within the allotted time period, service could not be made due to exceptional circumstances beyond his or her control." *Naglieri v. Valley Stream Cent. High School Dist.*, 2006 WL 1582144 (E.D.N.Y. May 26, 2006). *See also*, *Castro v. City of New York*, 2007 WL 3071857 at *7, (S.D.N.Y. Oct. 10, 2007)("courts consider particularly "whether 'the plaintiff was diligent in making reasonable efforts to effect service, including but not limited to whether plaintiff moved under FRCP 6(b)' for an extension of time in which to serve the defendant").

Courts have found "good cause" where a party has difficulty locating a defendant for purpose of service. *See generally*, *Insurance Co. of North America v. M/V GREENLAND SAGA*, 1997 WL 2519 at *1, (S.D.N.Y. Jan. 2, 1997)(finding good cause where a Plaintiff was unable to effectuate service on a sea-bound vessel). *See also, U.S. Fidelity and Guar. Co. v. Appelbaum*, 2007 WL 1484023 (S.D.N.Y May 18, 2007) (good cause found where Plaintiff had been searching for out of state defendant). Similarly, good cause has been shown where a pro se party

makes errors about the identity of the party to be served or the service of process in general. *See generally, Zeballos v. Tan*, 2006 WL 1975995 (S.D.N.Y. Jul. 10, 2006).

In sharp contrast, where a plaintiff (as in the instant matter) is represented by counsel who errs in making service, good cause has not been shown as "[c]ounsel's negligence does not constitute "good cause" justifying a failure to effect timely service of process. *Chrobak v. Hilton Group, PLC*, 2007 WL 2325913 at *4 (S.D.N.Y. Aug. 15, 2007). *See also, Naglieri v. Valley Stream Cent. High School Dist.*, 2006 WL 1582144 (E.D.N.Y. May 26, 2006)("Plaintiff's ignorance of the rules, inadvertence or mistake do not constitute 'good cause'").

In the instant matter, the Plaintiff (through his counsel) was placed on notice by the Court that he should file and serve the complaint. As the Plaintiff has failed to perform the simple act of electronically filing a complaint and/or serving a copy of the complaint on a municipality that is open during regular business hours, he simply cannot demonstrate good cause under FRCP 4(m).

## C. The Plaintiff is Not Entitled to Discretionary Relief

As noted by the Second Circuit in *Zapata v. City of New York,* 502 F.3d 192, 197 (2d Cir. 2007), "a district court may grant an extension in the absence of good cause, but it is not required to do so." The *Zapata* court further advises that:

[B]efore we will even consider vacating a Rule 4(m) dismissal for abuse of discretion, the plaintiff must ordinarily advance some colorable excuse for neglect. 470 F.3d at 509 (declining to consider plaintiff's argument that she was not required to show good cause because "[i]n any event, [the plaintiff] made no showing whatever as to any effort on her part to effect personal service [,] made no effort to show good cause for her failure and never requested an extension of time [while] the case was pending"); *see also Coleman,* 290 F.3d at 934-35 (citing the plaintiff's failure to properly effect timely serve "with no even colorable justification" after holding that "the fact that the balance of hardships favors the plaintiff does not *require* the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by the rule."

*Id*. at 198.

In an important footnote to the above passage, the *Zapata* court indicated that it was not expressing an opinion on what should be considered in granting an extension, stating that "[b]ecause Zapata was denied an extension, we express no opinion on what circumstances will indicate an abuse of discretion where a district court has granted an extension without a showing of good cause." *Id*. at 198, fn.7.

Given the Second Circuit's reticence to define proper circumstances for the discretionary extension, it falls to a District Court to survey the various factors utilized by other lower courts in making such a determination. In general, District Courts in this Circuit considering whether to extend the time for service in the absence of good cause use a four part test that is derived from the Advisory Committee Notes to Rule 4(m). As elucidated by the court in *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 506 (S.D.N.Y. 1999), factors to be considered are:

(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

In the instant matter, three of the four factors support dismissal of the action. Indeed, while the statue of limitations has not run as to the Federal causes of action (thus favoring the plaintiff) the other three factors support dismissal.

The second factor (notice) clearly favors the defendants, as they do not have actual notice of the claims asserted in the complaint. Even at this late juncture, the defendants cannot possess knowledge of what purported municipal policy, practice or procedure under *Monell v. City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) gave rise to the suit. *See generally*, *Naglieri v. Valley Stream Cent. High School Dist.*, 2006 WL 1582144 (E.D.N.Y. May 26, 2006)(noting that the unserved defendant, who "likely had notice of some of the claims brought by Plaintiff against Valley Stream, [] did not have notice of additional state causes of action which Plaintiff subsequently brought against the defendants in the federal action"). Indeed, the cases finding that there had been adequate notice generally involve matters where some (but not all) of the defendants have been served. *See generally*, *Castro v. City of New York*, 2007 WL 3071857, (S.D.N.Y. Oct. 10, 2007).*See also, Myers v. Secretary of the Dept. of the Treasury*, 173 F.R.D. 44,48 (E.D.N.Y. 1997)(noting that where Plaintiff served one branch of government but

10

did not serve a second copy on another branch, there was proper notice under 4(m) to sustain discretionary relief).[7] In the instant matter, no copy of the complaint has been filed with the court nor served on any party.

The third and fourth factors also strongly support the defendants. There cannot be any allegations that the defendants attempted to conceal Triano's failure to effectuate service (third factor) as there is still no complaint to serve. The fourth factor (prejudice) also strongly supports the defendants. In the case at bar the Court has issued a Scheduling Order that anticipated filing of the complaint in October and required service of the document demands and interrogatories before the end of November. As the municipal defendants (the only named defendants in this matter) still have not been advised as to the municipal policy, practice or procedure that purportedly forms the basis of their liability, they cannot possibly serve discovery demands or even investigate their own practices. As such, they have been clearly prejudiced by Triano's failure to take any steps to file or serve the complaint in this matter.[8]

---

[7] At least one court has held that even if the defendant has actual notice of the pending action, it does not justify an extension of time to serve. *Fairman v. Hurley*, 373 F.Supp.2d 227,233 (W.D.N.Y. 2005) ("that defendant received actual notice of the pending action does not change the result").

[8] In *Singh v. Maresco*, 2007 WL 2471690 at *7, (E.D.N.Y. May 23, 2007) the court noted that even where there is no prejudice, a discretionary extension may be unwarranted, stating "even where defendants have shown no prejudice, courts may still decline to grant an extension of time for service under Rule 4(m) where plaintiff has failed to show good cause."

## POINT II

## THE COURT SHOULD DISMISS THE ACTION UNDER FRCP 16(f)

As the Court is well aware, Triano has not only failed to comply with FRCP 4(m), he has also failed to obey this Court's Scheduling Order mandating the filing of the complaint by October 19, 2007. It is respectfully submitted that this indiscretion presents an independent basis for dismissal of the action.

It is well established that FRCP 16 exists to allow a court to orderly control its docket. *See generally*, *Dunlop-McCullen v. Pascarella,* 2002 WL 31521012 at *24, (S.D.N.Y. Nov. 13, 2002) ("Rule 16 authorizes district court and magistrate judges to issue scheduling orders. Fed. R. Civ. Pro. 16(b). The Rule also authorizes sanctions for failure to comply with such orders, including dismissal with prejudice. Fed. R. Civ. Pro. 16(f)"). As was noted by the Second Circuit in *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000), the milestones in the Scheduling Order are to be respected as "[d]isregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."

It cannot be seriously challenged that the Court in its Scheduling Order may limit or reduce the amount of time afforded for service of the complaint. See generally, *Kelly v. Wal-Mart, Inc.*, 2007 WL 2847068 (N.D.N.Y. Sept. 26, 2007) (in which Judge McAvoy conditionally dismissed an action where the Plaintiff

12

ignored two scheduling requiring immediate filing of proof of service or in the alternative that the plaintiff make service of the complaint).[9]

Furthermore, the failure to effectuate service after being ordered to do so in a Scheduling Order may serve as a basis for dismissal of an action. *See generally*, *Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*, 2006 WL 2242596 at *3 (S.D.N.Y.  Aug. 3, 2006) ("Judge Katz was within his discretion to find that plaintiff had not acted with due diligence in filing the Third Amended Complaint under Rule 16(b) alone"). *See also, Cabassa v. Gummerson*, 2006 WL 1559215 at *3, (N.D.N.Y. Mar. 30, 2006) (dismissing action under FRCP 16(f) against various defendants where plaintiff failed to obey scheduling order mandating timely service of the complaint) and *Smith v. Burge,* 2006 WL 2805242 at *15 (N.D.N.Y. Sept. 28, 2006) ("I further note that Plaintiff's resulting violations of several local and federal rules would constitute additional grounds for dismissing his claim against C.O. Myers. *See, e.g.,* N.D.N.Y. L.R. 4.1(b); Fed.R.Civ.P. 4(m); Fed.R.Civ.P. 16(f)").

In the instant matter, the Court as a proper exercise of control over its calendar required that Triano file his complaint on or before October 19, 2007. As Triano has failed to obey the Scheduling Order and has otherwise failed to take any

---

[9] The Northern District of New York under Local Rule 4.1(b) requires that all service be effectuated within 60 days "to ensure adequate time for pretrial discovery." *See generally, HCA Genesis v. U.S. Office of Personnel Management*, 2007 WL 2286411 (N.D.N.Y. Aug. 9, 2007).

action indicating any interest in prosecuting the action, it is respectfully requested that the Court dismiss the action under FRCP 16(f).

## CONCLUSION

In light of the foregoing, the defendants' motion to dismiss the complaint should be granted in its entirety.

Dated: Lake Success, New York
     November 26, 2007

                        Respectfully submitted,
                        FRIEDMAN, HARFENIST, LANGER & KRAUT
                        Attorneys for Defendants
                        3000 Marcus Avenue, Suite 2E1
                        Lake Success, New York  11042
                        (516) 775-5800

                        By:_____S_____
                            Neil Torczyner

14